IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

J.O., J.O. and C.O.,[1]

                Plaintiffs,

    v.

AAA LIFE INSURANCE COMPANY,

                Defendant.

ORDER

13-cv-799-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil lawsuit, plaintiffs J.O., J.O. and C.O. are alleging that defendant AAA Life Insurance Company breached its contract with plaintiffs and violated the duty of good faith and fair dealing by canceling a life insurance policy that named plaintiffs as beneficiaries. Jurisdiction is present under 28 U.S.C. § 1332 because plaintiffs were citizens of Wisconsin at the time they filed the lawsuit; defendant is a citizen of Michigan (the state where it is incorporated and where its principal place of business is); and the amount in controversy is $200,000, which is well over the $75,000 minimum.

      Defendant has filed a motion for summary judgment on both of plaintiffs' claims. Dkt. #12. It argues that it was entitled to cancel the policy under Wis. Stat. § 631.11 because Lawrenta Ogbeide, who purchased the policy, stated falsely to defendant during the

---

[1] In accordance with Fed. R. Civ. P. 5.2, I have substituted plaintiffs' initials for their full names.

application process that she did not take insulin to control her diabetes.

Plaintiffs' deadline for responding to defendant's motion for summary judgment was October 3, 2014, but plaintiffs have filed nothing with the court. Normally, I would give plaintiffs one more opportunity to respond before dismissing the case with prejudice for failure to prosecute, but there may be another problem with the case. In particular, plaintiffs alleged in their complaint that each of them is a minor, Dkt. #1, exh. 2 at ¶¶ 1-3, and defendant has not adduced any evidence in its summary judgment motion to the contrary. (In its answer, defendant said that it lacked sufficient knowledge to admit or deny plaintiffs' allegation.)

Under Fed. R. Civ. P. 17(c), minors cannot represent themselves in a federal lawsuit, but in this case, no guardian or other fiduciary is named as a party in the complaint. (The name of a guardian is included in the allegations of the complaint, but that individual is not listed in the caption as a plaintiff suing on behalf of the minors.) Thus, if all the plaintiffs are minors, it raises the question whether this case should have been allowed to proceed at all.

Accordingly, I will give both sides an opportunity to show cause why this case should not be dismissed *without* prejudice to plaintiffs' refiling the lawsuit with a legal representative or after one or more of them becomes an adult.

ORDER

IT IS ORDERED that the parties may have until November 20, 2014, to show cause

why this case should not be dismissed on the ground that plaintiffs J.O., J.O. and C.O. cannot sue on their own behalf. If the parties do not respond by that date, I will dismiss the case without prejudice.

Entered this 10th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge